FILED
2011 Dec-13 PM 01:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| MYRA MASON, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>LAWRENCE COUNTY )<br>COMMISSION, )<br>)<br>   Defendant. ) | CV-10-KOB-0427-NE |

## **MEMORANDUM OPINION**

This case comes before the court on the defendant's motion for summary judgment (doc. 35). On August 17, 2011, the magistrate judge recommended that the motion be granted and this case dismissed. The plaintiff filed objections to the recommendation, to which the defendant filed a response. The court will address certain of those objections.

The plaintiff objects to the recommendation's assertion that at the time Warren was hired "county employees were subject to an unwritten six-month probationary period. This unwritten rule was later adopted in the Personnel Handbook." (Doc. 46, p. 2.)  This statement, however, is supported by the statement in the plaintiff's brief which references the probationary period: "6. Under the terms of the Handbook, newly hired employees of the County serve under a six month probationary period . . . .This was the policy of the County when Warren was hired in January 2007 and later adopted in the Personnel Handbook."  (Doc. 39, p. 12–13.)  Similarly, the plaintiff's objection to the statement in the report and recommendation that "King did not have a reason for using different evaluations forms for Plaintiff and Callahan" is without merit, as that statement is

quoted directly from the <u>plaintiff's own statement of facts</u>. (Doc. 39, p. 16.)[1]  The plaintiff further asserts that the quotation in a footnote of a portion of the handbook is erroneous.  The plaintiff does not assert that the quotation is incorrect — it is not — only that the quote is <u>incomplete</u>.  Complete or not, the handbook's provisions are not relevant because the recommendation did not rely upon <u>any</u> portion of the handbook.[2]

The magistrate judge wrote that "King stated in her declaration that Myra Mason was her first choice for the position of Payroll Clerk. (Doc. 37-4, p. 3.) The Commission agreed with King's recommendation and hired the plaintiff. (Doc. 46, p. 4.)"  The plaintiff argues that "there is no evidence before the Court that the Commission acted on any 'recommendation' by Ms. King in hiring Plaintiff." (Doc. 49, p. 5.) King stated in her declaration that Mason was her first choice for the position and that the "Commission accordingly hired Ms. Mason as Payroll clerk." (Doc. 37-4, p. 3.)  Commissioner Cross testified in his declaration that "King recommended that Ms. Mason be hired in the first place." (Doc. 37-5, p. 3.) The plaintiff has never produced evidence to the contrary; rather, she argues only that the minutes of the commission meeting do not reflect the recommendation. The court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  However, the non-moving party may not merely rest upon his pleadings, but must come forward with evidence.  *Id.*  Viewing the <u>absence</u> of the hiring recommendation in the minutes

---

[1]  Thus, the plaintiff's characterizations of this "misstatement" in the report as being "the most glaring error in the facts found by the Magistrate Court" (doc. 49, p. 7) and "virtually unbelievable" (doc. 49, p. 8) are incorrect and highly inappropriate.

[2]  The magistrate judge agreed that the extra protections offered by the handbook were not followed when the defendant terminated the plaintiff.  Still, he found that no discrimination existed because the white employee who was similarly situated to the plaintiff was not given the protections offered by the handbook, either.

2

in the light most favorable to the plaintiff does not give rise to an inference that no recommendation existed, only that it was not recorded.  In light of the specific testimony that King gave a recommendation, and the lack of testimony to the contrary, the court holds that the determination in the report and recommendation was correct. Moreover, even if the magistrate judge was incorrect in his determination, that still would not be a basis for rejecting the recommendation.  The court cannot see what difference the recommendation makes either way.  The magistrate judge did not rely on this fact in his opinion.  He references the fact only once, in his discussion of lack of pretext, in a footnote, stating,  "[i]f King were motivated by racial animus, it is doubtful [she] would have hired the plaintiff or given her two good recommendations."[3]  (Doc. 46, p. 27.) The magistrate found other reasons that the plaintiff failed to establish pretext.

The magistrate judge stated that the plaintiff was "afforded an opportunity to tell her side of the story to the Commission."  (Doc. 49, p. 9.)  The plaintiff objected to that statement, arguing that she was not afforded a fair opportunity to tell her side of the story because she was never told what the hearing before the commission was about.  The magistrate's finding had nothing to do with whether the plaintiff had proper notice of the hearing and a chance to prepare, only whether the commission gave her a chance to speak.  The record is clear that the plaintiff was given an opportunity to speak at the hearing.

The plaintiff's petty objection to the use of word "alleged" in the heading "King's Alleged Comments" is overruled. The discussion in that section assumes that King did make the comments in question.

---

[3] When reviewing the recommendation as a whole, it is clear that the magistrate judge meant "evaluations" here, not recommendations.

Having carefully reviewed *de novo* all the information in the court file, including the report and recommendation, the objections to it, and the defendant's response to the objections, the court is of the opinion that the magistrate's recommendation ought to be, and hereby is, ADOPTED and ACCEPTED as the opinion of this court. The defendant's motion for summary judgment is due to be GRANTED and judgment entered in favor of the defendant and against the plaintiff. The court will enter a final order consistent with this opinion.

DONE and ORDERED this 13th day of December, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE